IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREN DEVINE**, | ) | |
| | ) | CIVIL ACTION NO.     16-1547 |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| **TRUMBULL CORPORATION** | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

Conti, Chief District Judge.


Defendant Trumbull Corporation ("Trumbull" or "Defendant") is a heavy-highway construction contractor with more than 500 employees. Plaintiff Karen Devine ("Devine" or "Plaintiff") was a journeyman concrete mason and finisher (one of only four women), who was employed by Trumbull (except for seasonal layoffs) from July 2005 until she was terminated. (Amended Complaint, ECF No. 9). Plaintiffs' amended complaint asserts three counts against Trumbull: Count I – sex discrimination under Title VII; Count II – retaliation under Title VII; and Count III – hostile work environment. Trumbull filed a motion to dismiss or strike Devine's amended complaint (ECF No. 10). The court held a hearing and argument on the motion on January 18, 2017. As discussed below and on the record at the hearing, the motion will be granted in part with respect to the scope of the claims asserted in the amended complaint and denied in all other respects.

**<u>Standard of Review</u>**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must plead facts sufficient at least to "suggest" a basis for liability. *Spruill v. Gillis*, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). As noted by the Third Circuit Court of Appeals:

> Context matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case-some complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Indeed, taking [*Bell Atlantic Corp. v. Twomblv*, 550 U.S. 544, 555 (2007)] and the Court's contemporaneous opinion in *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), together, we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8. Put another way, in light of *Twombly*, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests.

*Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (citations omitted).

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id*. (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to

raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id*.

Two working principles underlie *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, with respect to mere conclusory statements, a court need not accept as true all the allegations contained in a complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (*citing Twombly*, 550 U.S. at 555.) Second, to survive a motion to dismiss, a claim must state a plausible claim for relief. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will ... be a content-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

**Discussion**

Defendant's motion to dismiss raises two main issues: (1) the timeliness of the EEOC Charge; and (2) the scope of the EEOC Charge and the claims in this case. Defendant also asks the court to strike some of the averments of the amended complaint.

    1. Timeliness of EEOC Charge

Defendant argues, first, that the EEOC Charge was untimely because it was not filed within 300 days of the alleged discrimination. Plaintiff alleges that she was terminated from her job on June 2, 2012. On January 2, 2013, acting pro se, she faxed a seven-page Intake Questionnaire to the EEOC. (Amended Complaint, Exh. 1, ECF No. 9-1). On the last page of the form she checked both Box 1 (to file a charge of discrimination) and Box 2 (to talk to an EEOC employee before deciding whether to file a charge). On the cover sheet, Plaintiff stated that she is not good at filling out forms, and wanted to get her "papers in on time." (ECF No. 9-1 at 1). On March 10, 2013, Devine sent a follow-up letter to the EEOC, advising that she wanted

them to move forward on her case.  (ECF No. 17-1).  The EEOC prepared a Form 5 to formalize

her charge, which Devine signed on June 10, 2013.  The EEOC Charge listed a termination date

of April 30, 2012.  ECF No. 11-1.  Devine, acting pro se at that time, did not correct that date.

As part of EEOC's investigation, Trumbull submitted a position statement that recognized that

Devine had worked on a project until June 1, 2012, but nevertheless contended that the last date

of alleged discrimination in the EEOC Charge was April 30, 2012, such that Devine's charge

was untimely filed.  ECF No. 17-2 at 6.

Defendant argues:  (1) the Intake Questionnaire and the March 10, 2013 letter cannot be

viewed as the "charge" because they did not clearly ask the EEOC to take action; and (2) the date

of the last discriminatory act alleged in the official EEOC Charge was April 30, 2012.  Trumbull

argues that the Intake Questionnaire in this case is ambiguous because Devine checked both

boxes.  Thus, Trumbull calculates the relevant time as running from April 30, 2012, to June 10,

2013 (the date the formal EEOC Charge was signed), a total of 406 days.

In response, Plaintiff argues that:  (1) the Intake Questionnaire must be interpreted

broadly; (2) at this stage of the case, all reasonable inferences must be drawn in her favor; and

(3) she is entitled to particular deference because she was pro se and has ADHD.  Plaintiff

contends that the Intake Questionnaire asked the EEOC to take action, particularly when viewed

in conjunction with the cover sheet and March 10, 2013 letter and that her actual termination

date was June 2, 2012.  Thus, Devine calculates the relevant time as running from her

termination on June 2, 2012, to Janaury 2, 2013 (the date she submitted the Intake

Questionnaire), a total of 214 days.

The court concludes that reviewing the allegations in the light most favorable to Plaintiff,

the charge was timely filed.  An Intake Questionnaire may be considered as a "Charge."   In

*Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 112–13 (3d Cir. 2014), the court of appeals

explained:

> An EEOC filing constitutes a charge of discrimination if it satisfies the requirements of <u>29 C.F.R. § 1626.6</u>,[1] and can "reasonably [be] construed as a request for [the EEOC] to take remedial action to protect the employee's rights." <u>Fed. Express Corp. v. Holowecki,</u> 552 U.S. 389, 402, 128 S.Ct. 1147, 170 L.Ed.2d 10 (2008). In *Holowecki,* the Supreme Court adopted a "permissive" interpretation of the charge requirement, explaining that a "wide range of documents," including an intake questionnaire, "may be classified as charges." <u>Id. at 402, 128 S.Ct. 1147</u>.

In *Hildenbrand*, the court of appeals stated that "an employee who completes the Intake

Questionnaire and checks [the box that requests the EEOC to take action] unquestionably files a

charge of discrimination." *Id*. at 113.

Here, the Intake Questionnaire faxed January 2, 2013 constitutes a "charge" because

Devine checked the box that requested the EEOC to take remedial action. At this stage of the

case, all reasonable inferences must be drawn in favor of Plaintiff. In addition, the cover sheet

and Devine's follow-up letter on March 10, 2013 indicate that she expected the EEOC to take

action.

With respect to the date of Plaintiff's discharge, the amended complaint clearly alleges a

discriminatory discharge on June 2, 2012. Even though the formal EEOC Charge referred to a

discharge date of April 30, 2012, it appears undisputed that the reference was erroneous. In any

event, the conflicting dates create a fact dispute which at this stage of the case must be construed

in the light most favorable to Plaintiff.

In sum, the charge of discrimination was timely filed.

---

[1] *Hildebrand* was an age discrimination case under the ADEA. The relevant regulation in this Title VII case is 29 C.F.R. § 1601.12a.

2. Scope of Claims

Defendant argues that Plaintiff is now pursuing claims in this litigation that are beyond the scope of her EEOC Charge. In response, Plaintiff represents in her brief that she is not asserting many of the claims that Defendant regards as beyond the scope of the charge, namely, a quid pro quo harassment claim, stand-alone disparate pay and benefits claims and a "failure to rehire" claim. Accordingly, the motion to dismiss is granted to the extent that the amended complaint could be construed to cover such claims.

Defendant's motion is denied with respect to the remaining claims. In *Hicks v. ABT Assoc., Inc.*, 572 F.2d 960 (3d Cir. 1978), the court of appeals recognized that the lawsuit is "defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id*. at 966 (citations omitted). A review of the EEOC Charge filed by Devine reflects that she clearly alleged ongoing sexual harassment and a hostile work environment, retaliation for bringing complaints to management, and a wrongful discharge. The EEOC Charge alleges disparate treatment regarding bringing cars to the job site and working hours. A reasonable investigation would encompass work conditions, making it plausible that access to tools would have been encompassed in the investigation. Under these circumstances, that claim has been exhausted and is cognizable.

In summary, Trumbull's motion to dismiss is granted with respect to: (1) a quid pro quo harassment claim relating to Catena; (2) stand-alone disparate treatment claims involving pay and benefits; and (3) a "failure to rehire" claim. The motion is denied in all other respects.

3. Motion to Strike

Trumbull is asking the court to strike all the allegations in the amended complaint that are beyond the scope of the EEOC Charge, specifically, paragraphs 24-27, 33, 37 and 38 (except as

to Shoup), 40, 44, 47, 48, 52-55, 56 77, and 87. Plaintiff contends that these averments are all

relevant to describe the hostile work environment and retaliation.

In *Tauro v. Baer*, Civ. No. 08-1545, 2009 WL 2410952, at *1 (W.D. Pa. Aug. 4, 2009),

the court summarized the applicable legal standards:

> Motions to strike pleadings are governed by Federal Rule of Civil Procedure
> 12(f). "Upon motion made by a party ... or upon the court's own initiative at any
> time, the court may order stricken from any pleading any insufficient defense or
> any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P
> 12(f) (emphasis added). A decision to grant or deny a motion to strike a pleading
> is vested in the trial judges's sound discretion. *Snare & Triest v. Friedman*, 169 F.
> 1, 6 (3d Cir. 1909); *Canady v. Erbe Elektromedizin GMBH*, 307 F.Supp.2d 2
> (D.D.C. 2004). Motions to strike are generally disfavored by courts because they
> propose a drastic remedy. *Canady*, 307 F.Supp.2d at 7–8.

Motions to strike are disfavored. As explained above, there should not be a blanket striking of

the allegations of post-April 30, 2012 discrimination, because that conduct is reasonably within

the scope of the EEOC's investigation. The remainder of the motion to strike will also be denied

because the allegations are relevant to the background of the hostile work environment claim.

An appropriate order will be entered.


Dated:          January 23, 2017


                                          /s/ Joy Flowers Conti
                                          Joy Flowers Conti
                                          Chief United States District Judge